# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND, IOWA CITIZENS FOR COMMUNITY IMPROVEMENT, BAILING OUT BENJI, PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC., and CENTER FOR FOOD SAFETY<br><br>        Plaintiffs,<br><br>vs.<br><br>KIMBERLEY K. REYNOLDS, in her official capacity as Governor of Iowa, TOM MILLER, in his official capacity as Attorney General of Iowa, and BRUCE E. SWANSON, in his official capacity as Montgomery County, Iowa County Attorney,<br><br>        Defendants. | No. 17-CV-00362-JEG-HCA<br><br>**ANSWER OF DEFENDANTS KIMBERLEY REYNOLDS, TOM MILLER, AND BRUCE SWANSON** |

Defendants Kimberley Reynolds, Tom Miller, and Bruce Swanson (hereafter collectively referred to as "Defendants"), pursuant to Federal Rule of Civil Procedure 12, hereby files their Answer to Plaintiffs' Civil Rights Complaint ("Complaint"), and states as follows:

## INTRODUCTION

1.    Regarding Paragraph 1, Defendants admit that Plaintiffs' Complaint challenges the constitutionality of Iowa's "Ag-Gag" law, codified, in part, in Iowa Code section 717A.3A. All other allegations are denied.

2.    Regarding Paragraph 2, Defendants admit that Upton Sinclair's book, *The Jungle*, predated the enactment of the Federal Meat Inspection Act and the Pure Food and Drug act. All other allegations are denied.

3.    Regarding Paragraph 3, Defendants admit that undercover investigations have

occurred at agricultural operations and selected operations have received media attention. All other allegations are denied for lack of information.

   4.  Paragraph 4 is denied for lack of information.

   5.  Paragraph 5 is denied for lack of information.

   6.  The first sentence of Paragraph 6 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants deny all other allegations for lack of information.

   7.  Paragraph 7 is denied for lack of information.

   8.  The first sentence of Paragraph 8 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Regarding the second sentence of Paragraph 8, Iowa Code section 717A.3A speaks for itself and no response is required. All other allegations are denied.

   9.  Paragraph 9 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

   10.  Paragraph 10 is a legal conclusion to which no response is required. To the extent a response is required, Iowa Code section 717A.1 speaks for itself and all other allegations are denied.

   11.  The first sentence of Paragraph 11 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. Regarding the second sentence of Paragraph 11, Iowa Code section 717A.1 speaks for itself and no response is required. To the extent a response is required, Defendants deny the allegations. Regarding the third sentence of Paragraph 11, Defendants admit that commercial dog breeders in Iowa are regulated by the Iowa Department of Agriculture and Land Stewardship. All other allegations

...

are denied.

    12.    Paragraph 12 is denied for lack of information.

    13.    The first sentence of Paragraph 13 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations. All other allegations are denied for lack of information.

    14.    Paragraph 14 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

    15.    Regarding Paragraph 15, Defendants admit that the U.S. District Court of Idaho, the U.S. District Court for the District of Utah, and the U.S. Court of Appeals for the 10th Circuit, all issued rulings addressing the constitutionality of Idaho's "Ag-Gag" law, Utah's "Ag-Gag" law, and Wyoming's "Data Trespass Law," respectively, and the rulings speaks for themselves and no response is required. In addition, Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 15.

    16.    Paragraph 16 is an irrelevant statement of Plaintiffs' purpose to which no response is required. To the extent a response is required, Defendants admit that the Iowa Code section 717A.3A reads as stated in footnote 6 and deny the allegations in all other respects.

    17.    Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

    18.    Paragraph 18 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

    19.    Paragraph 19 is denied for lack of information.

    20.    The allegation in Paragraph 20 relates to Plaintiffs' claim that Iowa Code section

717A.3A violates the Equal Protection Clause of the Fourteenth Amendment, which was dismissed.  *See* Order, Docket # 39.  To the extent a response is required, Defendants deny the allegations.

21.     Paragraph 21 is a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the allegations.

22.     Paragraph 22 is a request for legal relief, to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs' Complaint states a cause of action as alleged or that any Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

23.     As to the allegations in Paragraph 23, Defendants admit that Plaintiffs seek a declaration to enforce the United States Constitution and laws of the United States including 42 U.S.C. § 1983 and § 1988 and admit that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and § 1343.

24.     As to the allegations in Paragraph 24, Defendants admit that the rules and statutes cited in Paragraph 24 authorize a court to provide relief, but deny that Plaintiffs are entitled to such relief.

25.     Regarding Paragraph 25, Defendants admit venue is proper in this Court.

## PARTIES

### Plaintiffs

26.     Paragraph 26 is denied for lack of information.

27.     Paragraph 27 is denied for lack of information.

28.     Paragraph 28 is denied for lack of information.

29.     Paragraph 29 is denied for lack of information.

30. Paragraph 30 is denied for lack of information.

## Defendants

31. Defendants admit the allegations in Paragraph 31.

32. Defendants admit the allegations in Paragraph 32.

33. Regarding the first sentence of Paragraph 33, Defendants admit that Bruce E. Swanson is the County Attorney of Montgomery County, Iowa, but deny any remaining allegations for lack of information. The remaining allegations in the second and third sentences of Paragraph 33 are admitted.

## FACTUAL BACKGROUND

### Statutory Overview

34. Defendants admit the allegations in Paragraph 34.

35. Defendants admit the allegations in Paragraph 35.

36. Defendants admit that Paragraph 36 contains an accurate quotation of a portion of Iowa Code section 717A.1, but deny any remaining allegations contained in Paragraph 36.

37. Defendants admit that Paragraph 37 contains an accurate quotation of a portion of Iowa Code section 717A.1, but deny any remaining allegations contained in Paragraph 37.

38. Defendants admit that Paragraph 38 contains an accurate quotation of a portion of Iowa Code section 717A.1, but deny any remaining allegations contained in Paragraph 38.

39. Defendants admit that Paragraph 39 contains an accurate quotation of a portion of Iowa Code section 717A.1, but deny any remaining allegations contained in Paragraph 39.

40. Defendants admit that Paragraph 40 contains an accurate quotation of a portion of Iowa Code section 717A.3A, but deny any remaining allegations contained in Paragraph 40.

41. Regarding the allegations in Paragraph 41, Defendants admit that persons

violating Iowa Code section 717A.3A(1)(a) or (b) are guilty of a serious misdemeanor for the first conviction and an aggravated misdemeanor for a second or subsequent conviction. All remaining allegations of Paragraph 41 are denied.

42. Paragraph 42 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

**Statutory Purpose**

43. Regarding the allegations in Paragraph 43, Defendants admit that one violates Iowa Code section 717A.3A(1)(a) only if the person "Obtains access to an agricultural production facility by false pretenses." All remaining allegations of Paragraph 43 are denied.

44. Regarding the allegations in Paragraph 44, Defendants admit that one violates Iowa Code section 717A.3A(1)(b) only if the person "Makes a false statement or representation as part of an application or agreement to be employed at an agricultural production facility, if the person knows the statement to be false, and makes the statement with an intent to commit an act not authorized by the owner of the agricultural production facility, knowing that the act is not authorized." All remaining allegations of Paragraph 44 are denied.

45. Paragraph 45 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

46. Paragraph 46 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

47. Paragraph 47 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the first sentence in Paragraph 50 for lack of information and because an out-of-context quotation by an Iowa state legislator is irrelevant to the constitutionality of Iowa Code section 717A.3A. Regarding the second sentence of Paragraph 50, Defendants admit that Iowa Code section 717A.3A is limited to "agricultural production facility fraud," and deny all remaining allegations.

51. Regarding the allegations in Paragraph 51, Defendants admit that Senator Jack P. Kibbie was from Emmetsburg and was President of the Iowa State Senate in 2012, but deny all remaining allegations for lack of information and because an out-of-context quotation by an Iowa state legislator is irrelevant to the constitutionality of Iowa Code section 717A.3A.

52. Regarding the allegations in Paragraph 52, Defendants admit Tom Rielly was a state legislator from Oskaloosa in 2012, but deny all remaining allegations for lack of information and because an out-of-context quotation by an Iowa state legislator is irrelevant to the constitutionality of Iowa Code section 717A.3A.

53. Paragraph 53 is denied for lack of information and because an out-of-context quotation by an unnamed spokesperson for the Governor of Iowa is irrelevant to the constitutionality of Iowa Code section 717A.3A.

54. Regarding the allegations in Paragraph 54, Defendants admit Joe Seng was a state legislator in 2012, but deny all remaining allegations for lack of information and because an out-of-context quotation by an Iowa state legislator is irrelevant to the constitutionality of Iowa Code section 717A.3A.

55. Regarding the allegations in Paragraph 55, Defendants admit Joe Seng was a state legislator in 2012, but deny all remaining allegations for lack of information and because an out-of-context quotation by an Iowa state legislator is irrelevant to the constitutionality of Iowa Code

section 717A.3A.

56. Regarding the allegations in Paragraph 56, Defendants admit Joe Seng was a state legislator in 2012, but deny all remaining allegations for lack of information and because an out-of-context quotation by an Iowa state legislator is irrelevant to the constitutionality of Iowa Code section 717A.3A.

57. Defendants deny the allegations in Paragraph 57 for lack of information and because an out-of-context quotation by an employee of a livestock producer association is irrelevant to the constitutionality of Iowa Code section 717A.3A.

58. Defendants deny the allegations in Paragraph 58 for lack of information and because an out-of-context quotation by an employee of a livestock producer association is irrelevant to the constitutionality of Iowa Code section 717A.3A.

59. Defendants deny the allegations in Paragraph 59 for lack of information and because an out-of-context quotation by an employee of a livestock producer association is irrelevant to the constitutionality of Iowa Code section 717A.3A.

60. Defendants deny the allegations in Paragraph 60 for lack of information and because an out-of-context quotation by an employee of a livestock producer association is irrelevant to the constitutionality of Iowa Code section 717A.3A.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

62. Paragraph 62 is denied for lack of information.

63. Paragraph 63 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

64. Paragraph 64 is denied for lack of information.

65. Regarding the allegations in Paragraph 65, Iowa Code sections 189A.10, 190.3-190.9, 190.15, 550.3-550.4, 714.8-714.13, and 716.17-716.8 speak for themselves and no response is required. To the extent a response is required, Defendants deny the allegations.

### Investigations and Reporting Generally

66. Paragraph 66 is denied for lack of information.

67. Paragraph 67 is denied for lack of information.

68. Paragraph 68 is denied for lack of information.

69. Paragraph 69 is denied for lack of information.

70. Defendants deny the allegations in the first and second sentences of Paragraph 70. The remaining allegations in Paragraph 70 are denied for lack of information.

71. Paragraph 71 is denied for lack of information.

72. Paragraph 72 is denied for lack of information.

73. Paragraph 73 is denied for lack of information.

74. Paragraph 74 is denied for lack of information.

75. Paragraph 75 is denied for lack of information.

76. Paragraph 76 is denied for lack of information.

77. Paragraph 77 is denied for lack of information.

78. Paragraph 78 is denied for lack of information.

79. Paragraph 79 is denied for lack of information.

80. Paragraph 80 is denied for lack of information.

81. Paragraph 81 is denied for lack of information.

82. Paragraph 82 is denied for lack of information.

### Investigative Injuries (ALDF, CCI, Bailing out Benji, and PETA)

83. Paragraph 83 is denied for lack of information.

84. Defendants admit that Iowa is the country's biggest producer of pigs raised for meat, but deny all remaining allegations in Paragraph 84 for lack of information.

85. Defendants admit that Iowa is the country's biggest producer of eggs, but deny all remaining allegations in Paragraph 85 for lack of information.

86. Defendants admit that Iowa farms raise other animals for meat or other animal products, including cows, turkeys, and sheep, but deny all remaining allegations in Paragraph 86 for lack of information.

87. Paragraph 87 is denied for lack of information.

88. Paragraph 88 is denied for lack of information.

89. Paragraph 89 is denied for lack of information.

90. Defendants deny the allegations in Paragraph 90.

91. Paragraph 91 is denied for lack of information.

92. Paragraph 92 is denied for lack of information.

93. Paragraph 93 is denied for lack of information.

94. Paragraph 94 is denied for lack of information.

95. Paragraph 95 is denied for lack of information.

96. Paragraph 96 is denied for lack of information.

97. Paragraph 97 is denied for lack of information.

98. Paragraph 98 is denied for lack of information.

99. Paragraph 99 is denied for lack of information.

100. Paragraph 100 is denied for lack of information.

101. Defendants admit that Defendants have not instructed prosecutors in Iowa to

refuse to enforce Iowa Code section 717A.3A. Defendants deny all remaining allegations in Paragraph 101 for lack of information.

102. Defendants deny the allegations in Paragraph 102.

103. Paragraph 103 is denied for lack of information.

104. Defendants deny the allegations in Paragraph 104.

105. Paragraph 105 is denied for lack of information.

106. Paragraph 106 is denied for lack of information.

**Organizational Injuries (ALDF, PETA, CFS, CCI, and Bailing out Benji)**

107. Paragraph 107 is denied for lack of information.

108. Paragraph 108 is denied for lack of information.

109. Paragraph 109 is denied for lack of information.

110. Paragraph 110 is denied for lack of information.

111. Paragraph 111 is denied for lack of information.

112. Paragraph 112 is denied for lack of information.

113. Paragraph 113 is denied for lack of information.

114. Paragraph 114 is denied for lack of information.

**CLAIMS FOR RELIEF**

**Declaratory Relief**

115. The allegations in Paragraph 115 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs contend that Iowa Code section 717A.3A is unconstitutional and Defendants believe the statute is constitutional.

116. Defendants deny the allegations in Paragraph 116.

**Injunctive Relief**

117. Defendants deny the allegations in Paragraph 117.

**FIRST CAUSE OF ACTION**
**(First Amendment: Content and Viewpoint Based Discrimination)**

118. Regarding the allegations in Paragraph 118, Defendants incorporate by reference all preceding responses and defenses to Plaintiffs' Complaint.

119. Defendants deny the allegations in Paragraph 119.

120. The allegations in Paragraph 120 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the United States Supreme Court has recognized that laws which discriminate based on their content and viewpoint are entitled to heightened scrutiny under the First Amendment. Defendants deny that the Act constitutes content- or viewpoint-based discrimination, and deny all remaining allegations in Paragraph 120.

121. The allegations in Paragraph 121 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the United States Supreme Court has recognized that laws which discriminate based on their content and viewpoint are entitled to heightened scrutiny under the First Amendment. Defendants deny that the Act constitutes content- or viewpoint-based discrimination, and deny all remaining allegations in Paragraph 121.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

126. The allegations in Paragraph 126 contain legal conclusions to which no response

is required. To the extent a response is required, Defendants admit that the United States Supreme Court has recognized that misrepresentations can be constitutionally protected so long as they do not invade a legally cognizable interest or result in a material gain, and deny all remaining allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

128. The allegations in Paragraph 128 contain legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the United States Supreme Court has recognized that laws which discriminate based on their content and viewpoint are entitled to heightened scrutiny under the First Amendment. Defendants deny that the Act constitutes content- or viewpoint-based discrimination, and deny all remaining allegations in Paragraph 128.

129. Paragraph 129 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants admit that in August of 2015, the United States District Court for the District of Idaho issued a ruling addressing, in part, the constitutionality of Idaho's "Ag Gag" law under the First Amendment, *Animal Legal Def. Fund v. Otter*, 118 F. Supp.3d 1195 (D. Idaho 2015), but the ruling speaks for itself and no response is required. Further, Paragraph 132 is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 132.

133. Idaho Code section 18-7042(1)(d) and the District Court's ruling in *Animal Legal Def. Fund v. Otter*, speak for themselves and no response is required. Further, Paragraph 133

contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 133.

134. Defendants admit that in July of 2017, the United States District Court for the District of Utah issued a ruling addressing, in part, the constitutionality of Utah's "Ag Gag" law under the First Amendment, *Animal Legal Def. Fund v. Herbert*, 263 F. Supp.3d 1193 (D. Utah 2017), but the ruling speaks for itself and no response is required. Further, Paragraph 134 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 134.

135. Defendants admit that in July of 2017, the United States District Court for the District of Utah issued a ruling addressing, in part, the constitutionality of Utah's "Ag Gag" law under the First Amendment, *Animal Legal Def. Fund v. Herbert*, 263 F. Supp.3d 1193 (D. Utah 2017), but the ruling speaks for itself and no response is required. Further, Paragraph 135 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 135.

136. Defendants admit that in September of 2017, the U.S. Court of Appeals for the Tenth Circuit issued a ruling addressing, in part, the constitutionality of Wyoming's "Data Trespass" law under the First Amendment, *W. Watersheds Project v. Michael*, 869 F.3d 1189 (10th Cir. 2017), but the ruling speaks for itself and no response is required. Further, Paragraph 136 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 136.

137. Defendants deny the allegations in Paragraph 137.

138. Defendants deny the allegations in Paragraph 138.

**SECOND CAUSE OF ACTION**
**(First Amendment: Overbreadth)**

139. Regarding the allegations in Paragraph 139, Defendants incorporate by reference all preceding responses and defenses to Plaintiffs' Complaint.

140. Defendants deny the allegations in Paragraph 140.

141. Paragraph 141 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

142. Paragraph 142 contains legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

143. Paragraph 143 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the concept of overbreadth has been recognized by the United States Supreme Court, but deny any remaining allegations.

144. Defendants deny the allegations in Paragraph 144.

145. Defendants deny the allegations in Paragraph 145.

146. Defendants deny the allegations in Paragraph 146.

147. Defendants deny the allegations in Paragraph 147.

148. Defendants deny the allegations in Paragraph 148.

### THIRD CAUSE OF ACTION
### (Fourteenth Amendment: Equal Protection & Due Process)

149. Regarding the allegations in Paragraph 149, Defendants incorporate by reference all preceding responses and defenses to Plaintiffs' Complaint.

150. Paragraph 150 contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Paragraph 150 contains a quotation from the Fourteenth Amendment to the United States Constitution, but deny any remaining allegations.

151. Paragraph 151 contains legal conclusions to which no response is required. To

the extent a response is required, Defendants deny the allegations, including that animus alone can invalidate a statute.

152. The allegation in Paragraph 152 relates to Plaintiffs' claim that Iowa Code section 717A.3A violates the Equal Protection Clause of the Fourteenth Amendment, which was dismissed. *See* Order, Docket # 39. To the extent a response is required, Defendants deny the allegations.

153. The allegation in Paragraph 153 relates to Plaintiffs' claim that Iowa Code section 717A.3A violates the Equal Protection Clause of the Fourteenth Amendment, which was dismissed. *See* Order, Docket # 39. To the extent a response is required, Defendants deny the allegations.

154. The allegation in Paragraph 154 relates to Plaintiffs' claim that Iowa Code section 717A.3A violates the Equal Protection Clause of the Fourteenth Amendment, which was dismissed. *See* Order, Docket # 39. To the extent a response is required, Defendants deny the allegations.

155. The allegation in Paragraph 155 relates to Plaintiffs' claim that Iowa Code section 717A.3A violates the Equal Protection Clause of the Fourteenth Amendment, which was dismissed. *See* Order, Docket # 39. To the extent a response is required, Defendants deny the allegations.

156. Defendants deny the allegations in Paragraph 156.

157. Defendants deny the allegations in Paragraph 157 that Plaintiffs are entitled to prospective relief from the Defendants to remedy the Due Process violations. The allegation in Paragraph 157 that relates to Plaintiffs' claim that Iowa Code section 717A.3A violates the Equal Protection Clause of the Fourteenth Amendment, which was dismissed, does not require a

response. *See* Order, Docket # 39. To the extent a response is required, Defendants deny the allegations relating to the Equal Protection Clause.

158. Defendants deny the allegations in Paragraph 158 that Plaintiffs are entitled to declaratory relief in the form of this Court ruling that the "Ag-Gag" law is unconstitutional under the Due Process Clause of the Fourteenth Amendment. The allegation in Paragraph 158 that relates to Plaintiffs' claim that Iowa Code section 717A.3A violates the Equal Protection Clause of the Fourteenth Amendment, which was dismissed, does not require a response. *See* Order, Docket # 39. To the extent a response is required, Defendants deny the allegations relating to the Equal Protection Clause.

## PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any relief as listed in Paragraphs 1-6 of the Section of Plaintiffs' Complaint entitled "Prayer for Relief."

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiffs' Complaint fails to state a claim for relief.

### Second Defense

Defendants are entitled to qualified immunity to the extent Plaintiffs seek monetary damages.

### Third Defense

Plaintiffs lack standing to bring their claims.

## PRAYER

WHEREFORE, Defendants Kimberley Reynolds, Tom Miller, and Bruce Swanson, respectfully pray that the Court enter judgment dismissing Plaintiff's Complaint and assess all

costs of this action to Plaintiff, and such other relief as the Court deems just.

                         Respectfully submitted,

                         THOMAS J. MILLER
                         Attorney General of Iowa

                         /s/ *Jeffery S. Thompson*
                         JEFFERY S. THOMPSON
                         Solicitor General
                         jeffery.thompson@ag.iowa.gov

                         /s/ *Jacob J. Larson*
                         JACOB J. LARSON
                         Assistant Attorney General
                         jacob.larson@ag.iowa.gov

                         Hoover State Office Building
                         1305 E. Walnut Street, 2nd Floor
                         Des Moines, Iowa 50319
                         Phone:  (515) 281-5164
                         Fax:  (515) 242-6771
                         ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.  All participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

**DATE:**  March 13, 2018

                         /s/ *Jacob J. Larson*
                         JACOB J. LARSON
                         Assistant Attorney General
                         jacob.larson@ag.iowa.gov

                         Hoover State Office Building
                         1305 E. Walnut Street, 2nd Floor
                         Des Moines, Iowa 50319
                         Phone:  (515) 281-5164
                         Fax:  (515) 242-6771
                         ATTORNEYS FOR DEFENDANTS