IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| ANIMAL LEGAL DEFENSE FUND; IOWA CITIZENS FOR COMMUNITY IMPROVEMENT; BAILING OUT BENJI; PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.; and CENTER FOR FOOD SAFETY, <br><br> Plaintiffs, <br><br> vs. <br><br> KIMBERLY REYNOLDS, GOVERNOR; TOM MILLER, ATTORNEY GENERAL OF IOWA; and DREW B. SWANSON, MONTGOMERY COUNTY ATTORNEY, <br><br> Defendants. | 4:17-cv-00362–JEG-HCA <br><br><br> O R D E R |

This matter comes before the Court on a Motion for Entry of Final Judgment and Permanent Injunction (the Motion) filed by Plaintiffs Animal Legal Defense Fund, Iowa Citizens for Community Improvement, Bailing Out Benji, People for the Ethical Treatment of Animals, Inc, and Center for Food Safety. ECF No. 81. Defendants Kimberley Reynolds, Tom Miller, and Drew Swanson[1] resist. ECF No. 83. Neither party requested a hearing on the Motion, and the Court finds a hearing is unnecessary. The Motion is fully submitted and ready for disposition.

I.  **BACKGROUND**

On January 9, 2019, the Court entered an order on the merits of the parties' cross-motions for summary judgment on all claims, in which the Court granted Plaintiffs' Motion for Summary Judgment and denied Defendants' Motion for Summary Judgment. Animal Legal Def. Fund v. Reynolds, No. 4:17-cv-00362-JEG-HCA, 2019 WL 140069 (S.D. Iowa Jan. 9, 2019). The Court

---

[1] On February 1, 2019, Defendants filed notice with the Court that Drew B. Swanson should be automatically substituted in this matter as the Defendant Montgomery County Attorney under Federal Rule of Civil Procedure 25(d). ECF No. 82.

found Iowa Code § 717A.3A failed to survive strict and intermediate scrutiny under the First Amendment and dismissed Plaintiffs' Fourteenth Amendment due process claim as moot. The Court indicated it would await additional briefing on the specific injunctive relief appropriate in this case and attorneys' fees. As to specific injunctive relief, Plaintiffs filed the current motion on January 30, 2019. ECF No. 81. Defendants filed a response on February 6, 2019, to which Plaintiffs replied on February 7, 2019. ECF Nos. 83-84.

## II. REMEDIES

Plaintiffs seek injunctive relief that would declare § 717A.3A facially unconstitutional and permanently enjoin further enforcement. Defendants argue such relief should be limited in scope by way of severing § 717A.3A under Iowa Code § 4.12.[2]

When asked to issue a permanent injunction, the Court considers the familiar four factors: (1) whether the movant has demonstrated success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance that harm and any injury the relief would inflict on the opposing parties; and (4) whether the injunction will serve the public interest. Bank One v. Guttau, 190 F.3d 844, 847 (8th Cir. 1999); Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 114 (8th Cir. 1981). The Court finds the record fully supports issuance of a permanent injunction in this case. Defendants agree and do not dispute that injunctive relief should be entered. Defs.' Resistance to Pls.' Mot. 2, ECF No. 83. The only dispute is to the scope of that relief.

Appropriate injunctive relief must be properly tailored. "An injunction must not be 'broader than necessary to remedy the underlying wrong.'" Gerlich v. Leath, 861 F.3d 697, 710 (8th Cir. 2017) (quoting Coca-Cola Co. v. Purdy, 382 F.3d 774, 790 (8th Cir. 2004)). That is, in crafting a remedy, the Court ought not go further than is necessary to cure the constitutional harm present. See Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982). Whether a statute can

---

[2] Defendants do not indicate, however, *how* the statute should be severed in terms of what portion could remain standing. Given the Court's analysis, such a detail is not required.

be severed, and a portion saved from invalidation, "is of course a matter of state law." Leavitt v. Jane L., 518 U.S. 137, 139 (1996) (per curiam). Iowa law favors severance of invalid statutory provisions, Jones v. Vilsack, 272 F.3d 1030, 1038 (8th Cir. 2001), and creates "no presumption that the legislature intends its statutes to be treated as an entirety." Clark v. Miller, 503 N.W.2d 422, 425 (Iowa 1993). Instead,

> [i]f any provision of an Act or statute or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the Act or statute which can be given effect without the invalid provision or application, and to this end the provisions of the Act or statute are severable.

Iowa Code § 4.12.

"When deciding whether to sever, we must ask ourselves whether the legislature would have enacted the statute at all if the invalid part had been eliminated." Breeden v. Iowa Dep't of Corr., 887 N.W.2d 602, 612 (Iowa 2016). The Court must do its best to save as much of the statute as it possibly can. Id. at 608. However, severance will be "appropriate if it does not substantially impair the legislative purpose, if the enactment remains capable of fulfilling the apparent legislative intent, and if the remaining portion of the enactment can be given effect without the invalid provision." Jones, 272 F.3d at 1038-39 (quoting Am. Dog Owners Ass'n, Inc. v. City of Des Moines, 469 N.W.2d 416, 418 (Iowa 1991) (per curiam)).

These elements cannot be established here. Section 717A.3A is a criminal statute. Its subsections provide a comprehensive scheme establishing elements of, and penalties for, committing agricultural production facility fraud. Iowa Code § 717A.3A(1) (establishing elements); id. § 717A.3A(2)-(3) (establishing penalties). On the merits, this Court found the crime of agricultural production facility fraud, as defined in § 717A.3A(1), implicated the First Amendment, Animal Legal Def. Fund, 2019 WL 140069, at *5, and failed to survive judicial scrutiny, id. at *9. The Court's analysis was not based on any specific application of the statute,

but instead on the language of the statute on its face. Therefore, the subsection directly implicating the First Amendment, that is § 717A.3A(1), has been held facially unconstitutional by this Court. Id. at *9.

The remaining question is whether the legislative intent can be given effect by the remaining subsections, § 717A.3A(2)-(3), which provide the punishment scheme for violation of § 717A.3A(1). The legislative intent behind § 717A.3A was to protect private property and biosecurity, as well as to prevent undercover investigations in certain agricultural facilities. Animal Legal Def. Fund, 2019 WL 140069, at *7. Subsections 717A.3A(2)-(3) are not, on their own, capable of fulfilling that legislative intent. Jones, 272 F.3d at 1038-39. Instead, the punishment subsections are inextricably linked to the crime they serve to punish. See e.g., Breeden, 887 N.W.2d at 612 (declining to sever a mandatory minimum provision from a good time credit provision because the two "are inextricably linked"). Iowa Code § 717A.3A is therefore not severable and will be declared unconstitutional and enjoined in its entirety.

## III. DELAY OF ENTRY OF FINAL JUDGMENT

Defendants "request the Court delay entry of final judgment until after any request for attorneys' fees and costs are resolved," on the grounds that it will "conserve judicial resources and allow for a clear record."[3] Defs.' Resistance to Pls.' Mot. at 3, ECF No. 83. Defendants' concerns are legitimate, but not controlling. See Obin v. District No. 9 of Int'l Ass'n of Machinists and Aerospace Workers, 651 F.2d 574, 583 (8th Cir. 1981) (indicating the Eighth

---

[3] Additionally, Defendants state twice that they "anticipate seeking a stay of the imposition of the injunctive relief pending any appeal in this matter." Defs.' Resistance to Pls.' Mot. 2-3, ECF No. 83. They include brief argument as to why a stay is appropriate in this case alongside their request the Court not enter judgment until after deciding on the issue of attorneys' fees. Given the expectant language used by Defendants, the Court will not address argument as to a stay pending appeal until such a motion is properly before this court.

Circuit "has a real concern over fragmentation of appeals," and encouraging all district courts to promptly hear and decide attorney's fees claims so that any appeal on fees can be heard alongside any appeal on the merits). It is the practice of this Court to entertain motions for attorneys' fees following entry of judgment pursuant to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54(d)(2)(b)(i) (requiring, absent court order or statutory language to the contrary, that a motion for attorneys' fees "be filed no later than 14 days after the entry of judgment"). The Court does so in accordance with precedent in the Eighth Circuit requiring entry of judgment to establish prevailing party status for purposes of attorneys' fees. Pedigo v. P.A.M. Transp., 98 F.3d 396, 397-98 (8th Cir. 1996) ("[A] judicial pronouncement that the defendant has violated the Constitution, unaccompanied by an enforceable judgment on the merits, does not render the plaintiff a prevailing party." (quoting Farrar v. Hobby, 506 U.S. 103, 112 (1992))).

**IV. CONCLUSION**

In accordance with this Court's orders in this case, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

(1) The Court **DECLARES** Iowa Code § 717A.3A violates the First Amendment to the United States Constitution and is therefore facially unconstitutional.

(2) The Defendants and their officers, agents, employees, attorneys, and all other persons who are in active concert or participation with them are hereby **PERMANENTLY ENJOINED** and prohibited from enforcing, through any action or omission or otherwise, Iowa Code § 717A.3A (2012) as currently drafted.

(3) The Plaintiffs' claim under the Due Process clause of the Fourteenth Amendment to the United States Constitution is hereby **DEEMED MOOT**, solely due to the Court's declaration and permanent injunction above and without prejudice to the Plaintiffs

later raising that claim again, in this case or otherwise, upon suggestion that it is no longer moot.

(4) Plaintiffs may seek an award of attorney fees and costs pursuant to 42 U.S.C. § 1988 by subsequent motion.

**IT IS SO ORDERED.**

Dated this 14th day of February, 2019.

/s/ James E. Gritzner
JAMES E. GRITZNER, Senior Judge
U.S. DISTRICT COURT